IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED

DEC 1 4 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:22CR 286 |
| v. | § | Judge Mazzant |
| | § | |
| BARBARA CHALMERS | § | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Count One

Violation: 18 U.S.C. § 1957<br>
(Engaging in a Monetary Transaction in<br>
Property Derived from Specified<br>
Unlawful Activity)

On or about June 11, 2019, in the Eastern District of Texas, defendant **Barbara Chalmers**, did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, to wit: the deposit of a $450,000 check into her personal Amegy bank account ending in 9241, knowing that such property was derived from a specified unlawful activity, that is, Wire Fraud, a violation of 18 U.S.C. § 1343.

In violation of 18 U.S.C. § 1957.

Information
Page 1

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, the defendant, Barbara Chalmers, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Information
Page 2

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

_____
Anand Varadarajan
Assistant United States Attorney
Texas Bar No. 24088576
101 E. Park Blvd., Ste. 500
Plano, Texas 75074
Office: 972.509.1205
anand.varadarajan@usdoj.gov

GLENN S. LEON
CHIEF, FRAUD SECTION
DEPARTMENT OF JUSTICE

_____
Vasanth Sridharan
Lucy B. Jennings
Trial Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served on counsel for the Defendant via email on this the ____ day of _____, 2022.

/s/Anand Varadarajan
Anand Varadarajan

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:22CR |
| v. | § | Judge |
| | § | |
| BARBARA CHALMERS | § | |

## NOTICE OF PENALTY

### Count One

Violation:  18 U.S.C. §1957
(Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity)

Penalty:  Not more than ten years imprisonment, a fine not to exceed $250,000 or twice any pecuniary gain to the defendant or loss to the victim(s), or both; supervised release of not more than three years.

Special
Assessment:  $100.00